```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
               JACKSON DIVISION


JAMES CHRISTOPHER MILONE,
JIMMY LEE ROBINSON, AND
CHARLES LUCROY LLC                                     PLAINTIFFS


VS.                              CIVIL ACTION NO. 3:10CV165TSL-FKB


SHERRI FLOWERS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS COUNTY
PROSECUTOR FOR HINDS COUNTY, MISSISSIPPI;
RICHARD WILSON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS COUNTY PROSECUTOR
FOR RANKIN COUNTY; HINDS COUNTY,
MISSISSIPPI, A POLITICAL SUBDIVISION OF
THE STATE OF MISSISSIPPI; AND RANKIN
COUNTY, MISSISSIPPI, A POLITICAL SUBDIVISION
OF THE STATE OF MISSISSIPPI                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

Sherri Flowers filed in this cause a motion to dismiss, asserting that the individual capacity claims alleged in plaintiffs' amended complaint should be dismissed, since plaintiffs have admitted they asserted an individual capacity claim against her in error.  In addition, all defendants (including Flowers in her official capacity) have moved to dismiss, ostensibly pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that the injunctive relief sought by plaintiffs is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and on the basis of Younger abstention. Plaintiff Charles Lucroy has responded in opposition

to the motion; plaintiffs James Christopher Milone and Jimmie Lee Robinson have not responded to the motion. For the reasons that follow, the court concludes that Younger abstention is appropriate.

On May 6, 2009 and December 10, 2009, respectively, plaintiffs James Christopher Milone and Jimmy Lee Robinson, Jr. were cited for driving under the influence in violation of Mississippi Code Annotated § 63-11-30(1)(a). Both appeared in Hinds County Justice Court and through their attorneys, pled not guilty. Similarly, on February 11, 2009, plaintiff Charles Shawn Lucrow was charged in Rankin County, Mississippi with driving under the influence. He initially appeared and pled not guilty in Rankin County Justice Court. On March 16, 2010, while the charges remained pending against them in the state justice courts, plaintiffs filed the present action in this court pursuant to 42 U.S.C. § 1983, alleging that defendants, as a matter of official policy, custom and practice, systematically deny justice court defendants access to favorable evidence relating to both guilt and punishment, in violation of their due process rights. See Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-96, 10 L. Ed. 2d 215 (1963) (holding that suppression "of evidence favorable to an accused upon request violates due process when evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). More particularly,

2

plaintiffs alleged that defendants failed and refused to respond to lawful discovery requests for exculpatory or otherwise favorable evidence, and thereby violated plaintiffs' due process rights.  Plaintiffs have demanded a declaratory judgment, holding that defendants' official policy, practice and custom of suppressing evidence favorable to the accused violates justice court defendants' due process rights, and an injunction against defendants' suppression and failure to disclose evidence favorable to the accused in proceedings within their respective justice courts.

Defendants' motion to dismiss this action is based in part on the doctrine established in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), which requires that the federal courts abstain from hearing claims for injunctive or declaratory relief "[when] assumption of jurisdiction ... would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'" Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) (quoting Word of Faith World Outreach Center Church, Inc. v. Morales, 986 F.2d 962, 966 (5th Cir. 1993)), cert. denied, 515 U.S. 1145, 115 S. Ct. 2583, 132 L. Ed. 2d 832 (1995)).  The Younger abstention doctrine is based on notions of comity and federalism, and prohibits federal judicial interference with pending state judicial proceedings where important state interests

are involved and the plaintiff has or will have an opportunity to present his federal claims in the state proceedings. Id.  See also Moore v. Sims, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). To determine whether Younger abstention is appropriate, the Supreme Court has devised a three-part inquiry which asks (1) whether the judicial or judicial-in-nature state proceedings are ongoing; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). If each of these inquiries is answered in the affirmative, then the district court must dismiss the federal action and allow the state process to continue. See Geotes v. Mississippi Bd. of Veterinary Medicine, 986 F. Supp. 1028, 1031 (S.D. Miss. 1997)). A federal court may refuse to abstain and grant the requested equitable relief only if

> (1) the state court proceeding was brought in bad faith
> or with the purpose of harassing the federal plaintiff,
> (2) the state statute is "flagrantly and patently
> violative of express constitutional prohibitions in
> every clause, sentence and paragraph, and in whatever
> manner and against whomever an effort might be made to
> apply it," or (3) application of the doctrine was
> waived.

Texas Ass'n of Business v. Earle, 388 F.3d 515, 519 (5th Cir. 2004) (quoting, inter alia, Younger, 401 U.S. at 53-54).

In the court's opinion, Younger abstention clearly applies to the plaintiffs' claims herein.  As for Milone and Robinson, against whom prosecutions presumably are still proceeding in justice court, their claims obviously involve an "ongoing state judicial proceeding," in which there is an important state interest, i.e., the state's enforcement of its criminal laws. Moreover, the state proceedings, which include the appeal process, appear adequate to redress the alleged constitutional deprivation they have alleged.  Regarding this final requirement, the court notes that under state law, a defendant convicted in justice court has an absolute right to appeal to county court or circuit court, where he is entitled to a trial de novo[1] and where court rules indisputably provide defendants a meaningful and effective procedural mechanism for the disclosure of exculpatory evidence.[2]

---

[1]   See Miss. Code Ann. § 99-35-1 (Supp. 2009) (providing that a criminal defendant aggrieved by the decision of a justice court may appeal the decision to circuit court, or county court in those counties that have county courts, and that an accused citizen who perfects an appeal is entitled to trial de novo in county court).

[2]   See Uniform Rules of County and Circuit Court 9.04(A), which provides:
>    Subject to the exceptions of subsection "B", below, the prosecution must disclose to each defendant or to defendant's attorney, and permit the defendant or defendant's attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:
>    (1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded or

See Kline v. Frink Dairy Co., 274 U.S. 445, 71 L. Ed. 1146, 47 S. Ct. 681 (1927) (criminal defendant can raise federal questions in the state court with the right to appeal to the highest court of the state and to the Supreme Court of the United States); Ballard v. Wilson, 856 F.2d 1568, 1571 (5th Cir. 1988) (holding that Younger abstention was appropriate "while the case works its way through the state appellate process"); DeSpain v. Johnston, 731 F.2d 1171, 1177 (5th Cir. 1984) ("The state interest that is triggered by the institution of the state proceeding continues through the completion of the state appeals process.").

As to the claims of plaintiff Lucroy, it appears from the parties' submissions that on June 14, 2010, shortly after this case was filed, Lucroy entered a plea of "no contest" to the criminal charges that were pending against him in justice court, and on the same day, he filed an appeal for trial de novo in the County Court of Rankin County. Hence, in contrast to his co-plaintiffs, there is no longer a case pending against him *in*

---

    otherwise preserved of each such witness and the substance of any oral statement made by any such witness;
(2) Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;
(3) Copy of the criminal record of the defendant, if proposed to be used to impeach;
(4) Any reports, statements, or opinions of experts, written, recorded or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert;
(5) Any physical evidence and photographs relevant to the case or which may be offered in evidence; and
(6) Any exculpatory material concerning the defendant.

*justice court.* Lucroy thus argues that since the challenge in this case is solely to the constitutionality of defendants' policy and practice of withholding exculpatory evidence from defendants *in justice court,* then in view of his plea in justice court and appeal to county court, this case no longer involves an "ongoing state judicial proceeding," and Younger abstention is therefore inapplicable to his claims herein. However, as defendants correctly point out, a pending state proceeding remains pending until such time as the state court appeals are exhausted. See DeSpain, 731 F.2d at 1178.[3]

Based on the foregoing, it is ordered that defendants' motion to dismiss is granted.

---

[3]The court acknowledges plaintiffs' argument that the appeal process does not afford indigent justice court defendants an adequate opportunity to vindicate the alleged violation of their due process right to disclosure of exculpatory material. In order to perfect an appeal to county or circuit court, an accused must post an appeal bond (commercial bond), as well as a cost bond, which must be deposited with the circuit clerk in cash. Miss. Code Ann. § 99-35-1 (Supp. 2009). If the accused is able to post both of these bonds, the judgment of the justice court will be stayed. Id. An accused who lacks the financial means to post these bonds may still appeal to the county court for trial de novo, but must suffer any penalty imposed by the justice court, including imprisonment. Miss. Code Ann. § 99-35-7 (Supp. 2009). However, no plaintiff herein has alleged or argued that the referenced appeal process has operated or will operate to prevent his vindicating his constitutional rights through the appeal process, and accordingly, no such claim is before the court in this cause.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 21st day of December, 2010.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE